Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2634 | **DATE** | APR 17 2012 |
| **CASE TITLE** | Corey Dante Perkins (#M-18185) vs. City of Chicago & Police Dept., et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Menard Correctional Center. Because the court is dismissing the complaint for being time-barred as a practical matter as opposed to being technically time-barred, no strike will be assessed under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                                   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that (1) Chicago police officers violated the plaintiff's constitutional rights by using excessive force against him, by denying him needed medical care for his injuries, and by subjecting him to inhumane custodial conditions; (2) a hospital physician provided deficient care; and (3) a prosecutor and the plaintiff's defense attorney failed to seek disciplinary action against the police officers.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $4.00 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District **(CONTINUED)**

mjm

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, while the plaintiff may have stated potentially cognizable claims, his inability to identify a suable defendant by name within the two-year limitation period effectively precludes this lawsuit.

### Factual Allegations

The plaintiff alleges that on April 12, 2010, he was arrested and taken to a police station for questioning. In the interrogation room, an unnamed officer slapped the plaintiff across the face when he refused to talk, then stormed out of the room. Another officer then entered the room and savagely beat the plaintiff. The officer slapped, punched, and kicked the plaintiff in the face, stomach, chest, and head "with extremely savage force" until he lay on the floor in a pool of blood and eventually lost consciousness.

Two more detectives awakened the plaintiff. They ignored the plaintiff's account of the vicious attack and refused his pleas for medical attention. An Assistant Cook County State's Attorney ("ASA") likewise denied the plaintiff access to medical care despite his visible injuries. Apparently, neither the ASA nor the plaintiff's defense attorney made any effort to pursue disciplinary action against the officers who had allegedly assaulted the plaintiff.

The plaintiff was placed in a filthy holding cell that lacked a mattress or lighting; he was also denied access to a bathroom for several hours. The plaintiff received no food during the two days he remained in the holding cell.

On April 14, 2010, the plaintiff was finally taken to an area hospital before being transferred from police custody to the Cook County Jail. The unidentified doctor failed either to examine the plaintiff thoroughly or to prescribe any pain medication. The doctor simply told the plaintiff that x-rays revealed no broken bones.

### Analysis

Although the plaintiff's allegations are most disturbing, he unfortunately waited too long to initiate suit. The statute of limitations for Section 1983 actions in Illinois is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

The events giving rise to this lawsuit took place between April 12 and April 14, 2010. Even though the plaintiff initiated suit on April 10, 2012--just within two years of the date of accrual of his causes of action--his **(CONTINUED)**

claims of excessive force, denial of medical care, and subjection to inhumane conditions are now, as a practical matter, barred by the statute of limitations.

None of the three named defendants can be held liable under the facts alleged. The Chicago Police Department is not a suable entity. *See, e.g., Grey v. City of Chicago,* 159 F. Supp. 2d 1086, 1088 (N.D. Ill. 2001) (Kocoras, J.). Furthermore, the plaintiff has failed to state facts suggesting the direct, personal involvement of former police chief Jody Weis, as required by *J.H. ex rel. Higgin v. Johnson,* 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Weis' direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Weis was the Chief of Police at the time is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle,* 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir. 1988). The plaintiff has articulated no basis for suit against Chicago's former police chief.

The only other named defendant, defense attorney Robert Schroeder, cannot be sued under 42 U.S.C. § 1983. In order to be liable under Section 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *See, e.g., Parker v. Franklin County Community School Corp.,* 667 F.3d 910, 925 (7th Cir. 2012). Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz,* 724 F.2d 61, 63 (7th Cir. 1983); *Ash v. Devine,* No. 10 C 4366, 2010 WL 3002087, *3 (N.D. Ill. Jul. 28, 2010) (Manning, J.). Furthermore, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman,* 454 U.S. 83 (1981). Schroeder's alleged failure to seek charges against police interrogators is not actionable under 42 U.S.C. § 1983.

All of the defendants alleged to have personally and directed violated the plaintiff's constitutional rights are identified only as John or Jane Doe. But allowing the plaintiff to perform discovery to obtain the names of those individuals at this late date would be futile. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson,* 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir. 1980). Because the plaintiff waited until the eleventh hour to bring suit, he is barred as a practical matter from pursuing his claims.

**(CONTINUED)**

| STATEMENT (continued) |
|---|

For the foregoing reasons, the case is dismissed as effectively time-barred. No "strike" is assessed; the suit is being dismissed for being time-barred as a practical matter, and not pursuant to any of the reasons set forth in 28 U.S.C. § 1915(e)(2)(B).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with the Clerk of Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the U.S. Court of Appeals for the Seventh Circuit may also impose a "strike." The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).



2012 APR 18 PH 3:59
U.S. DISTRICT COURT